UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v | § | Case No. 5:14-CR-132 |
| | § | |
| MUHAMMED RAFIQ | § | |

## ORDER

The Defendant Muhammed Rafiq is charged by indictment with possession with intent to distribute a mixture and substance containing a detectable amount of 1-(5-Fluoropentyl)-3-(2,2,3,3,-tetramenthylcyclopropoyl)indole, also known as XLR11, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The maximum possible custodial sentence he is facing is 20 years.

The Government seeks Defendant's detention prior to trial under the Bail Reform Act, 18 U.S.C. § 3142, based on the rebuttable presumption under which it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

Alternatively, the Government submits that if the rebuttable presumption is deemed rebutted, the Defendant should be detained based on the factors in the Bail Reform Act for the following reasons: the Defendant is charged with a serious drug offense, having been found in possession of synthetic cannabinoid (synthetic marijuana) and $80,000 in cash; the Defendant is engaged in the sales of these synthetics, which pose a danger to the health and safety of the community; the Defendant is not legally in the United States; and the Defendant lacks any ties to the Northern District of Texas.

The Defendant contends that upon his initial arrest in Hale County, the state judge set a

bond of $100,000; that he is on an immigration bond; that he has filed federal income tax returns; that he owns an apartment house in Potter County; that his wife has health problems; that he has an autistic son who requires his care; and that he owns a home in Plano, Texas, with a value of $300,000, free and clear. He submits that these facts show that he has rebutted the presumption and that he should be released on bond in this case.

Based upon the government's proffer, the bond report, and the Defendant's proffer and exhibits, the Court makes the following findings in this case:

The Defendant is 53 years old and has resided in Plano, Texas, for the past two years with his wife and two sons ages 28 and 26. He was born in Pakistan and came to the United States in May 2000 on a business visa which expired in 2007. Although he sought political asylum in this country, such was not granted. After entering the country, he resided in Lewisville, Texas, prior to relocating to Plano. As to his immigration status in the United States, after his visa expired, he was in detention for two years before being released in 2011 by U.S. Immigration and Customs Enforcement (ICE) with a reporting requirement of every six months.

In *United States v. Reuben*, 974 F.2d 580 (5th Cir. 1992), the Fifth Circuit Court of Appeals said in order to rebut the presumption of flight risk and danger, a defendant must have "longstanding ties to the locality in which he faces trial." *Id.* at 586. In *United States v. Parson*, Case No. 5:07-CR-026-C (March 26, 2007), U.S. District Judge Sam R. Cummings considered whether a defendant who resides in a district other than the charging district can rebut the presumption of flight risk and concluded that he can. Although the Defendant's residence is outside the Northern District of Texas, its location in the contiguous Eastern District of Texas, along with the facts that he owns property in the Northern District of Texas and that his wife and

sons reside with him, show the longstanding ties sufficient to rebut the presumption of flight risk and danger.

Although the court finds the presumption has been rebutted, a number of factors must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. These are: the nature and circumstance of the offense charged, including whether the offense involves a narcotic drug; the weight of the evidence against the person; the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Only if there are no conditions of release that will reasonably assure a person's appearance as required and the safety of any person or the community is a defendant to be detained. In other words, if there are conditions of release that can be imposed which will reasonably assure the Defendant's appearance as required and the safety of any person or the community, then the Defendant is not to be detained. The Supreme Court has said, "The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes." *United States v. Salerno*, 481 U.S. 739, 747 (1987). The Supreme Court also has said, "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755. The legislative history of the Bail Reform Act shows Congressional intent to give courts the power to deny release to "a small but identifiable group

of particularly dangerous defendants." S. Rep. No. 225, 98th Cong. 1st Sess. (1983).

Based upon the consideration of the factors, and noting in particular that the Defendant's immediate family members reside in a home that the Defendant owns in Plano, Texas; he owns property in Potter County; and he has filed federal income tax returns and a state franchise tax report, the Defendant may be released on bond and conditions; however, his immigration status must be considered and may bar his release.

Defendant's Exhibit 2 includes an Order of Supervision from ICE. According to this document: on August 30, 2010, the Defendant was ordered removed but because the agency had not effected the removal during the period prescribed by law, the Defendant was ordered to be placed under supervision subject to conditions which include that the Defendant not violate city, state, or federal laws. The second page of Defendant's Exhibit 2 is a release notification and it states, in part:

> Your release will be subject to certain written conditions that will be provided to you shortly on the Order of Supervision and Addendum to the Order of Supervision forms, and by which you must abide. . . . A violation of one of these conditions, or of any local, state or federal law may result in you being taken back into custody and any bond that you may have posted being forfeited.

The Order of Supervision – Addendum (page 7 of Defendant's Exhibit 2) includes the condition that the Defendant must not associate with criminals or members of a gang that is known to be involved in criminal activity and that the Defendant not commit any crimes or be associated with any criminal activity while on the Order of Supervision.

At the Court's request, U.S. Probation and Pretrial Services inquired of ICE whether the Order of Supervision remained in place. The ICE representative stated that based upon the indictment, the Defendant would be deemed in violation of the Order of Supervision. The Court

therefore is of the opinion that it is the Defendant's responsibility to find out whether his Order of Supervision will be continued by ICE; if so, and if the Defendant produces documentation to so demonstrate, then the Court will set bond in the amount of $300,000 to be secured by the Defendant's property and a cash deposit and will enter an Order Setting Conditions of Release that will include numerous conditions including home confinement; however, if the Order of Supervision has been or is being revoked by ICE, the Defendant will remain in custody pending further proceedings in federal district court.

    SO ORDERED.

    DATED:    September 23, 2014.

_____
NANCY M. KOENIG
United States Magistrate Judge