CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 NOV -6  PM 1:49

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 5:14-CR-132-C<br>ECF |
| MUHAMMED RAFIQ | |

## ORDER GRANTING JOINT MOTION FOR CONTINUANCE PURSUANT TO 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) and (iv)

THIS MATTER having come before the Court on the 6th day of November, 2014, pursuant to the Government's and the Defendants' Joint Motion for Continuance, and the Court having reviewed said motion, and the defendants' Waiver of Speedy Trial Act Time Limits, and having considered defense counsels' averments and assurances to the Court that the defendants' Waivers of Speedy Trial Act, and stipulations and agreements as to excludable time under the Speedy Trial Act contained in the instant motion was executed knowingly, intelligently and voluntarily with knowledge that if the motion for continuance is granted trial will not commence until this Court's March 2015 trial docket, and the Court being fully advised and satisfied in the premises FINDS as follows:

1. This criminal case involves allegations of complex in-nature with numerous expert witnesses. The criminal case arises from a Drug Enforcement Administration ("DEA") investigation involving both controlled substance and controlled substance analogues. The substances at issues are: (1) 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole, also known as XLR11, a schedule I controlled substance;

and (2) Quinolin-8-yl 1-(4-fluorobenzyl)-1H-indole-3carboxylate, also known as FUB-PB-22, a controlled substance analogue. Both substances are synthetic cannabinoids. XLR11 is currently a schedule I controlled substance. FUB-PB-22 has been determined by DEA to be a controlled substance analogue pursuant to the Controlled Substance Analogue Act.

2. This is believed to be the first synthetic cannabinoid prosecution in Lubbock, San Angelo, or Abilene Divisions of the Northern District of Texas.

3. This case involves allegations of a complex nature requiring a number of government and defense experts as to the particular substance, its structure, and its effect on a human's central nervous system. Additionally, the defense will be seeking independent testing of the substances seized which will require time and coordination between their expert and DEA, along with any rebuttal experts.

4. The ends of justice served by continuing the trial from its present trial setting of December 1, 2014, to the Court's March 2, 2015, trial docket outweigh the best interests of the public and the defendants in a speedy trial.

5. Pursuant to Title 18, United States Code, Sections 3161(h)(8)(A) and 3161(h)(B)(ii), the Court finds that this case is so unusual and so complex due to the nature of the case with its time consuming discovery and geographically wide-spread pre-trial investigation that it is unreasonable to expect adequate preparation for the trial within the time limits established by the Speedy Trial Act, and further, that failure to grant the continuance requested herein would deny the attorneys for the defendant and the attorney

for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. The Court further finds after review of the Waivers of Speedy Trial Act executed by the defendants and their counsel, and the agreement and stipulation as to excludable time pursuant to 18 U.S.C. § 3161(h), that the defendants' waiver and stipulation are voluntarily, knowingly, and intelligently made, and that the defendants' agreement to predicate no claim whatsoever, appellate, collateral attack, or otherwise on any ground alleging violation of the Speedy Trial Act, is voluntarily, knowingly, and intelligently made, both individually, and on advice of counsel.

7. For these reasons, the Court finds that the ends of justice served by granting the continuance sought outweigh the best interests of the public and the defendants in a speedy trial.

THEREFORE, THE COURT, having found that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial, and having set forth in the record its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial, ORDERS that the trial of the above entitled and numbered cause be and the same is hereby continued from its current trial setting of December 1, 2014, until the Court's March 2, 2015, trial docket. This is a definite setting and no continuance will be granted.

ACCORDINGLY, the deadline for filing all motions is hereby continued from November 10, 2014, and all motions must be filed no later than Monday, January 12,

2015, at 5:00 p.m. Otherwise, this Court's Pretrial Notice and Order filed October 28, 2014, remains in full force and effect.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3161(h) that the period of delay resulting from the date of the superseding indictment and as a result of this continuance granted at the request of the government and the defendants shall be excluded in computing the time within which the trial must commence.

DATED this the 6th day of November, 2014.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE